UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. HANS GARCIA JORDAN<br><br>PLAINTIFF<br><br>V<br><br>ROBERT A. MC DONALD, SECRETARY OF THE VETERANS AFFAIRS, VACHS, U.S. GOVERNMENT, DR. GONZALO SOLIS AS CHIEF DENTAL SERVICE OF VETERANS AFFAIRS, CARIBBEAN HOSPITAL SYSTEM (VACHS), AND DR. MARIELY SANTINI, DENTAL DOCTOR IN VACHS AND JOHN DOE<br><br>DEFENDANTS | CASE NO.:  *15 - 1094*<br><br><br>DISCRIMINATION BY AGE UNDER TITLE VII OF THE CIVIL RIGHTS ACT PLAINTIFF REQUEST TRIAL BY JURY |

# COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, DR. HANS GARCIA JORDAN**, above referred plaintiff, represented by his undersigned attorney and very respectfully STATE and PRAY as follows:

## INTRODUCTION

This is a civil complaint being filed within this Federal District Court as a result of a Final Order from the Department of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication, Washington, D.C. 20420 in VA Case No. 2001-0672-2013103647 and EEOC Case No. 510-2014-0236x, entered on November 13, 2014. Pursuant to the previous Final Order, plaintiff herein has ninety (90) days from the day of receipt of the Final Order to file a civil action in an appropriate United States District Court. The Final Order was received on November 23, 2014 at the office of the undersigned attorney. Plaintiff herein seeks to recover the position of a Dental

2

Doctor within the VACHS now covered by defendant ariel Santini, damages and plaintiff requests Jury Trial as to all issues.

## JURISDICTION

1. This Honorable Court has jurisdiction pursuant to the dispositions of Title VII (discrimination due to age) of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et. seq. as amended.

2. Further Federal jurisdiction is invoked as this complaint is filed against the United States of America, and the Department of Veterans Affairs, through his Secretary, Robert A. Mc Donald; being both defendants of the Federal Government.

3. Additional Federal Jurisdiction is invoked pursuant to the dispositions of the Civil Bill of Rights under the Constitution of the United States of America and the Constitution of the Commonwealth of Puerto Rico, the Age Discrimination Employment Act (ADEA), and the EEOC's regulations, 29 C.F.R., et. seq.

4. Supplemental Jurisdiction is also claimed under the Commonwealth of Puerto Rico Antidiscrimination Statute, Law 100 of June 30, 1959 as amended, 29 L.P.R.A. §§146 et. seq. (Law 100).

5. Prior to the filing of this complaint, plaintiff herein, Dr. Hans García Jordán, exhausted all jurisdictional prerequisites under administrative law within the Department of the Veterans Affairs, and the EEOC Office within the Miami District Office, Hearings Unit.

6. Plaintiff invokes Jurisdiction for Diversity of Residential address.                          .

7. Plaintiff, herein request Trial by Jury.

## PARTIES

1. Plaintiff, **Dr. Hans García Jordán**, is of legal age, single, Dental Doctor at the Veterans Affairs Hospital of Atlanta, Georgia. His residential address is 1105 Town Boulevard, N.E, Apartment 1413, Atlanta, Georgia 30319, Tel. (787) 380-1624, (cel) and 1 (404) 321-6111 extension 17987 (bus).

2. Defendant, **Robert A. Mc Donald**, is the actual Secretary of the Veterans Affairs Department, with a mailing address at: Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Avenue, N.W., Washington, D.C. 20420.

3. Defendant, **United States Government**, is an indispensable party because it is the U.S. Government for whom the Department of the Veterans Affairs is attached to. The U.S. Government address for the purpose of notice of this civil action is: United States Government, Office of the General Counsel at Puerto Rico, Department of Justice, U.S. Federal Building, Federico Chardón Street, San Juan, PR and/or the White House, 1600 Pennsylvania Avenue N.W., Washington D.C. 20510.

4. Defendant, **Dr. Gonzalo Solís**, at the time of occurrence of the facts related to this complaint, was the Chief Dental Doctor of the Dental Service at the Veterans Affairs Caribbean Hospital Service (VACHS), located at 10 Casia Street, San Juan PR 00921-3201. Dr. Gonzalo Solís is an indispensable party since he as the Selecting Officer who discriminated against plaintiff herein and manipulated the selecting process in order to discriminate against plaintiff because of his age since he prefer to hire younger people.

5. Defendant, **Dr. Mariely Santini**, a 27 years old Dentist is an indispensable party, since she is occupying the position of the Dentist/Generalist to which plaintiff herein applied for, and was not awarded to him because of his age (47 years old) at the time that he applied for the position under Vacancy Announcement VHA-672-13-NX9084456-JH. Her address is VACHS located at VACHS, 10 Casia Street, Dental Service Office, San Juan PR 00921-3201.

6. Defendant, **John Doe**, is a fictitious name of any individual and/or Agency or Insurance Company that may be an indispensable party whose name at this time is unknown to plaintiff. Upon discovery of the correct name, this name will be substituted with the correct name and subpoena will be requested at that time from this Honorable Court, and an amended complaint will be filed with the supplemented correct name of such individual and/or legal entity.

## FACTS

1. **Plaintiff herein, Dr. Hans García Jordán**, was born on November 27, 1966, and was 47 years old at the time of submitting his application for a vacancy at the VACHS for a Staff Gen-

eral/Dentist on June 14, 2013 upon reading the announcement posted at USA Jobs under Vacancy Job Number VHA672-13-NX9084456-JH.

2. At the time of reading the previous job Vacancy Announcement, it read that the vacancy position was available to all VA Agency employees. At that time plaintiff herein was a VA Agency employee working as a Dental Doctor/Generalist a the Oklahoma Veterans Affairs Hospital in Tulsa, Oklahoma.

3. After submitting his application as a VA Agency employee, and notifying by telephone to John Hernández, employee of the VACHS Human Resources Office of this application, the announcement was changed and restricted the *"who may apply"* section to *"VACHS Dental Permanent Employees only"*.

4. Upon receipt of the telephone call from plaintiff herein, John Hernández contacted defendant, Dr. Gonzalo Solís, about the petition of plaintiff to apply for the vacant position. Subsequent to the conversations between John Hernández and defendants, Dr. Gonzalo Solís, the announcement was change and limited to VACHS Dental Permanent Employees Only.

5. On June 14, 2013 plaintiff sent to defendant, Dr. Gonzalo Solís, an e-mail with a copy of his application to the vacancy on a Generalist/Dental Doctor at VACHS. Plaintiff wanted to work within the VACHS since his mother, of 88 years old, lives in Puerto Rico and he is her only child.

6. The vacancy for a Generalist/Dental Doctor at VACHS was available since December 31, 2012, when Dr. José Enrique Alamo Carrasquillo resigned at VACHS Dental Service Division at VACHS.

7. Defendant, Dr. Gonzalo Solís, as Chief Dental Service at VACHS, was aware of the Dentist Doctor Vacancy when Dr. José Alamo Carrasquillo resigned on December 31, 2012. Dr. Gonzalo Solís during the period of December 31, 2012 to June 30, 2013was aware of an urgent need for a Generalist/Dental Doctor, and he waited until June 13, 2014 to request the announcement for a vacancy of a Generalist/Dental Doctor in order to hire a **younger Dentist**, Dr. Mariely Santini (27 years old) who at that time was  a resident hired Dentist student, and who was doing his internship program within the VACHS, and defendant Mariely Santini will

graduate, and finish the internship program on June 30, 2013, and will become a Generalist/Dental Doctor on July 1, 2013.

8. Defendant, Dr. Gonzalo Solís, was known by other fellow Dental Doctor Colleges to discriminate in the hiring process by hiring **younger Generalist/Dental Doctors**.

9. Defendant, Mariely Santini, at the time of the announcement for the vacancy of a Generalist/Dental Doctor, available to VACHS permanent Dental Doctors only, was not a permanent Dental Doctor employee, because she was doing her residence and as such she was not considered to be a permanent employee pursuant to the Master Agreement between the Department of Affairs and the American Federation of Government Employees.

10. Plaintiff, Dr. Hans García Jordán, had previously applied for another previous vacancy for a Generalist /Dentist Dental Doctor in 2007, when he was 41 years old, and he was not selected at that time. Defendant, Dr. Gonzalo Solís, as Chief Dental Service Doctor was in charge of selecting the new Doctor. At that time he selected a younger Doctor.

11. Defendant, Dr. Gonzalo Solís, manipulated the selection of the Vacancy Announcement Number VHA-672-13-NX9084456-JH by waiting for six (6) months without the Generalist/Dental Doctor in order to hire resident-defendant, Dr. Mariely Santini (27 years old) as the new Generalist/Dental Doctor. In order to hire the resident, Dr. Mariely Santini, he waited for six (6) months, and upon completion of the resident period of Dr. Mariely Santini, on July 1, 2013 by using Title 38 (38 U.S.C. §5406) he then hire the resident claiming that no permanent VACHS dental employee requested the Vacancy Announcement. Defendant, Dr. Gonzalo Solís knew from the beginning that no permanent dental employee within the VACHS System will apply for that vacancy announcement, thus on July 1, 2013 he then will make a direct hire of a younger Dentist in the person of defendant, Dr. Mariely Santini.

12. Dr. José Enrique Alamo Carrasquillo, who resigned on December 31, 2012 had testified in Deposition take under oath, that he personally knew, that defendant, Gonzalo Solís will prefer always to hire **younger employees** claiming that in that manner the employee will remain longer working for the VACHS System. He testified that he heard Dr. Gonzalo Solís, to state so. Furthermore, Dr. José Enrique Alamo Carrasquillo, prior to resigning on December 31, 2012,

6

was the Chief Dental Service at one time and knew very well defendant, Dr. Gonzalo Solís preferences for younger employees.

13. Upon publishing Vacancy Announcement, after it was corrected to be restricted to VACHS Dental employees only to apply, there was no application received with the VACHS permanent employees. The only application received at VACHS Human Resources Department was the application from plaintiff, Dr. Hans García Jordán, who applied on June 14, 2013. This application from plaintiff was not considered by the VACHS Human Resources Department claiming that plaintiff was not a dental permanent employee of the VACHS.

14. On June 28, 2013 plaintiff, Dr. Hans García Jordán sought EEOC Counseling alleging discrimination base on age (47 years old) by the Department of Veterans Affairs a VACHS, San Juan, Puerto Rico.

15. On September 17, 2013, plaintiff, Dr. Hans García Jordán, filed with the EEOC a discrimination complaint and the case was assigned number 2001-0672-2013103647. Prior to that date, plaintiff herein had requested a mediation procedure that resulted in no positive assistance to plaintiff herein.

16. On October 7, 2013 the Department of Affairs, Office of Resolution Management, accepted the complaint filed y plaintiff on June 28, 2013, and informed him that an investigator was to be assigned to obtain information pertaining to the discrimination claimed by plaintiff at that time.

17. On January 8, 2014 the Department of Veterans Affairs, Office of Resolution Management, informed plaintiff, that an investigator was assigned to investigate his complaint.

18. On March 14, 2014 plaintiff herein through the undersigned attorney forwarded to VACHS a proposed settlement to employ Dr. Hans García Jordán as a Generalist/Dentist Doctor with the VA San Juan facility or at Mayagüez Out Patient Clinic (OPC). Failure to employ Dr. García, he requested not less than **$300,000.00** in damages. This proposal was submitted following the receipt of the Report of Investigation (ROI) dated March 7, 2014.

19. On March 28, 2014 plaintiff herein requested a Hearing from the Equal Employment Opportunity Commission (EEOC).

20. The issue presented before the EEOC was the non selection of plaintiff as General/Dentist pursuant to Announcement Number VHA-672-13-NX9084456-JH and requested that he be

given the dentist position at the San Juan Medical Center or the Mayagüez Outpatient Clinic (OPC).  At that time at Mayagüez OPC there was also another dentist vacancy.

21. On April 29, 2014 an Administrative Judge was appointed at the EEOC Hearing Procedure.  On that same date the undersigned attorney filed a Notice of Appearance on behalf of plaintiff herein.  VACHS filed through Ana M.  Margarida Julía, Esquire, a Notice of Appearance. During discovery proceedings interrogatories production of documents, and depositions were taken.

22. On August 14, 2014 the VACHS submitted a request for a decision without hearing.  On September 4, 2014 plaintiff herein submitted an opposition.

23. On October 28, 2014 the EEOC, Miami District Office, Hearing Unit entered a decision without a Hearing in which decided that plaintiff had not been discriminated on the basis of age (47 years old) in violation to the Age Discrimination Employment Act (ADEA) when he was notified on June 21, 2013 that he was not eligible for consideration for the position of Dentist/Generalist at the VACHS.

24. The decision without a hearing did not considered certain documentary evidence submitted, such as the transcript of the Depositions taken to Dr.  José Enrique Alamo Carrasquillo and Dr. Gonzalo Solís.  In the transcript of Dr.  José Enrique Alamo Carrasquillo, he testified that Dr. Gonzalo Solís prefers to hire **younger employees** and in the transcript of Dr.  Gonzalo Solís, he admitted that he prefers to **hire younger dentists** because they stay working for a longer period of time.  These statements are in violation of the *"Department of Veterans Affairs Secretary Equal Employment Opportunity Diversity and Inclusion, and No Fear Policy Statement"* issued on May 31, 2013.

25. Defendant, Dr.  Gonzalo Solís, as Chief of Dental Service within the VACHS used Title 38 to hire a resident in a fast hiring process when after an announcement published there was no application received from the dental permanent dentist employees.  This was a manipulation of defendant, Dr.  Gonzalo Solís, to avoid the applications from other VA Agencies Permanent Dentist Employees in order to hire a younger dentist known to him who at the time of the publication was a resident and not a permanent employee. Defendant, Dr.  Gonzalo Solís, know at forehand that there was no permanent dentist employee within the VACHS that was going to

8

apply for the Vacancy Announcement Number VHA-672-13-NX9084456-JH. Dr. Gonzalo Solís wanted to hire Dr. Mariely Santini (27 years old) and resident of the VACHS at that time. This is a true fact that he admitted during the taking of his Deposition and that he wanted to hire Dr. Mariely Santini Because she was a younger dentist (27 years old).

26. During the Report of Investigation, Joseph Colón Christiansen, an employee from the Human Resources Office in the accreditation division testified that Dr. Gonzalo Solís took Dr. Mariely Santini, prior to being selected on July 1, 2013 as the Generalis/Dentist, and while she was a resident to the office of Joseph Colón Christiansen, Credentialing Office, in order for him to prepare the necessary credentials for her as a permanent employee. At that time, when Dr. Solís presented Dr. Santini, to Joseph Colón, he presented her as a **younger dentist** to be awarded the necessary credentials. Mr. Joseph Colón indicated that credentials could not be prepared since she was a resident and as such could not be considered as a permanent employee. Dr. Gonzalo Solís was expelled from the Credentialing Office by Mr. Joseph Colón.

27. Subsequent to the decision of not credentialing Dr. Mariely Santini as a permanent Generalist/Doctor prior to July 1, 2013, the VACHS had taken retalliation action against Mr. Joseph Colón Christiansen. Mr. Joseph Colón Christiansen was removed from his position at the Credentialing Department, and had been threaten to be expelled from the VACHS for being a whistle blower. Mr. Joseph Colón Christiansen had filed a complaint for retalliation within the administrative procedures with the Veterans Affairs Systems.

28. Defendant, Gonzalo Solís, knew plaintiff, Dr. Hans García Jordán from military drills of the U.S. Army Reserve. He knew perfectly that plaintiff, Dr. Hans García Jordán, was older than Dr. Mariely Santini.

29. The Administrative Judge designated at the EEOC Hearings Division a the time of entering a decision without a Hearing did not took into consideration the transcripts of the Deposition submitted, claiming that such transcripts were not received at the time of filing plaintiff opposition to the petition of a decision without a hearing submitted by defendant, VACHS. The transcripts were submitted as as attachment to the opposition and the Administrative Judge ruled that they were not received. If they were not received, the least that the Administrative Judge should had done was to enter an order to that effect, and allow plaintiff herein to sent them again.

9

The copy of the e-mail sent to the Administrative Judge, indicated that the transcripts were submitted as an attachment. Plaintiff, submitted on November 4, 2014 a Motion to Amend Alter and/or Reconsideration Pursuant to Rule 59e of the Rules of Civil Proceedings from the Judgment entered on October 28, 2014 and received on November 3, 2014. This motion was denied by the Administrative Judge. Based on the denial of this motion and a previous motion to amend the original complaint, plaintiff believes that the decision entered by the Administrative Judge was biased and with prejudice against plaintiff herein.

30. Plaintiff, Dr. Hans García Jordán, clearly indicated the following undisputed facts:

    a.   that he is a member of a protected class based on age (47 years old);

    b.   he was an active employee of the Veterans Affair Department working as an employee at the VA Hospital in Oklahoma;

    c.   a younger Dentist, Dr. Mariely Santini (27 years old) was selected for the vacancy position within the VACHS at San Juan, Puerto Rico on July 1, 2013;

    d.   defendant, Dr. Gonzalo Solís, in assistance with John Hernández from Human Resources Department manipulated the selection process for the Vacancy Announcement in issue, Announcement Number VHA-672-13-NX9084456-JH by holding the vacancy during the period of December 31, 2012 until June 30, 2013, in order to hire a younger resident (not an employee) on July 1, 2013, Dr. Mariely Santini, when she terminated the residence period and using Title 38 to hire her without the posting of the vacancy to all active Dentist employees within the VA System. He limited the announcement to VACHS dental permanent employee only knowingly that none will apply. This is an adverse decision to the application of plaintiff, Dr. Hans García Jordán;

    e.   Dr. Mariely Santini, did not have the experience and qualifications of plaintiff, Dr. Hans García Jordán.

31. Title 38 of the U.S.C. is an obsolete law. It was originally established and/or created in 1946 to facilitate a rapid staffing of Veterans Hospital Medical Doctors during the World War II Conflict, and at that time there was an immediate need for to be recruited rapidly. Today use of this Title by defendant, Dr. Gonzalo Solís, is nothing more than a manipulation made by him to hire a

younger doctor in the person of Dr. Mariely Santini. In acting so, Dr. Gonzalo Solís is personally liable for all sufferings of plaintiff herein as they are clam in this complaint.

32. Dr. Mariely Santini, is an indispensable party, since plaintiff herein, Dr. Hans García Jordán requests that he be selected, in the position which was awarded illegally to her by defendant, Dr. Gonzalo Solís.

33. From the Report of Investigation it is clearly established that the request for the vacancy of the Generalist/Dentist Doctor was approved by the Resource Management Board/Committee on March 19, 2013. Prior to that date on February 13, 2013 the vacancy was deferred because no one from the Dental Service Division showed up a the meeting with the Resource Management Board/Committee hearing. At the taking of the Deposition of defendant, Dr. Gonzalo Solís, he indicated that he waited until June 2013 to request the announcement of the vacancy so he could hired resident, Dr. Mariely Santini, a younger dentist, without considering any other permanent Generalist/Dental Doctors within other VA Nationwide System.

34. Article 23 of the Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees determines in its Section 8 ( c) of Article 23 determines that the areas of consideration for a Vacancy Announcement will be:

   (1) First - Facility - wide (including satellites) except:

      (a) ..........

      (b) where evidence suggests that the area of consideration is not expected to produce at least **three (3)** qualified candidates, it may be expanded **(the vacancy announcement will identify the expanded area of consideration)**.

VACHS knew before hand that there will be no candidates available to be produced, and they failed to expand the area. They limited it to VACHS Permanent Dental employees only.

## COUNT ONE

35. Plaintiff herein makes integral part of this Count One, all of the foregoing facts.

36. Defendants, shall award to plaintiff herein the position of Generalist/Dental permanent employee position announced under Vacancy Announcement VAH-672-13-NX9084456-JH, which was

awarded to Dr. Mariely Santini, and that Dr. Mariely Santini be separated from such position because she is occupying the same illegally.

## COUNT TWO

37. Plaintiff herein makes integral part of this Count Two, all of the foregoing facts.

38. Plaintiff requests that he be paid any difference in pay between the amounts being paid to Dr. Mariely Santini and the amount being paid to plaintiff for the period of July 1, 2013 to present.

## COUNT THREE

39. Plaintiff herein makes integral part of this Count Three, all of the foregoing facts.

40. Defendants deprived plaintiff herein of being awarded the position of Generalist/Dentist Doctor in violation of Title VII of the Civil Rights Act of 1964 and the Bill of Rights of the Constitution of the United States and/or the Constitution of the Commonwealth of Puerto Rico.

41. Defendants all acted in a form and/or manner which is discriminatory and/or negligent in not awarding to plaintiff the Vacancy Announcement refer to.

42. Plaintiff suffer emotional damages, and compensatory damages due to the discriminatory and/or negligence in an amount of not less than **$300,000.00**.

## COUNT FOUR

43. Plaintiff herein makes integral part of this Count Four, all of the foregoing facts.

44. Plaintiff herein request Jury Trial.

45. Plaintiff requests punitive damages in an amount of not less than **$1,000,000.00** for the discriminatory action on behalf of defendant, Dr. Gonzalo Solís in its personal capacity and/or in the capacity as Chief Dental Service of the VACHS and to all other defendants.

## COUNT FIVE

46. Plaintiff herein makes integral part of this Count Five, all of the foregoing facts.

12

47. Defendants had been temerary, thus plaintiff is entitled to receive compensation for all costs, legal expenses, accrued legal interest from June 14, 2013 to present on all amounts awarded, and attorneys fees in an amount of not less than **$125,000.00**.

**WHEREFORE** it is very respectfully requested from this Honorable Court to enter judgement for plaintiff herein as follows:

- determine that plaintiff herein is entitled to occupy the position of Generalist/Dentist Doctor within the VACHS now occupy by Dr. Mariely Santini, effective July 1, 2013, with retroactive differential pay;

- assessed damages for plaintiff for emotional compensatory damages in an amount of not less than **$300,000.00**;

- assessed punitive damages for plaintiff in an amount of not less than **$1,000,000.00**;

- to pay plaintiff for all costs, legal expenses, legal interest from July 1, 2013 to present on all awarded for amounts, and additional amount for attorneys fees in an amount of not less than **$125,000.00**;

- for such further relief that plaintiff herein may be entitled pursuant to applicable law and equity, proper in the circumstances.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 2nd day of February 2015.

/s/ **CARLOS A. PIOVANETTI RIVERA**
**CARLOS A. PIOVANETTI RIVERA**
Attorney for Plaintiff
USDC-PR-124704
Executive Tower Suite 804-B
623 Ponce de León Avenue
San Juan PR 00917
Tel (787) 758-1835; Fax (787) 758-2659
E-mail: rapd@coqui.net